
RECEIVED
IN MONROE, LA
FEB 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KAI LATRENT BURRELL, ET AL. | CIVIL ACTION NO. 07-0121 |
| VERSUS | JUDGE ROBERT G. JAMES |
| U.S. DEPT. AGRICULTURE, ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Before the Court is Plaintiffs' Motion and Order for Stay of Eviction [Doc. No. 14]. Plaintiffs claim that the eviction should be stayed because they have been unable to relocate their personal possessions and the discontinuation of electrical services has prevented them from securing and caring for their livestock.

For the following reasons, Plaintiffs' Motion and Order for Stay of Eviction is DENIED.

I.      FACTS AND PROCEDURAL HISTORY

On August 7, 2006, this Court ordered that the property in question be seized and sold by the United States Marshal Service ("USMS") for the Western District of Louisiana, at public auction, without appraisement, for cash, to the highest bidder.[1] *USA v. Burrell*, 05-1386, Doc. No. 10.

On November 8, 2006, the United States Marshal ("Marshal") posted a public notice of sale on December 6, 2006 at 10:00 a.m. to the last and highest bidder, for cash.

On December 6, 2006, the property was sold to Fleming Lake Investments, Inc ("FLI").

---

[1]The property includes eighty (80) acres with a home and livestock in West Carroll Parish, Louisiana.

1

On January 10, 2007, FLI notified Plaintiffs that it had purchased the property and gave Plaintiffs ten (10) days to vacate the property.

On January 23, 2007, Plaintiffs filed a Petition for Declaratory Judgment, Temporary Restraining Order, Preliminary Injunction, to Vacate Marshal's Sale and for Damages [Doc. No. 1]. The same day, this Court denied Plaintiffs' motion for a temporary restraining order to prevent Fleming Lake Investments, Inc. from possessing the property [Doc. No. 3].

On January 29, 2007, the Justice of the Peace for West Carroll Parish, Louisiana, executed a Notice to Vacate advising James Burrell that he had five (5) days from the date of delivery of the notice to vacate and remove all possessions from the property.[2]

On February 1, 2007, Plaintiffs filed a Motion and Order for Stay of Execution [Doc. No. 14].

## II.     LAW AND ANALYSIS

Plaintiffs previously filed a petition for declaratory and injunctive relief declaring that the present method of allowing the highest bidder no more than one hour to obtain funds is unconstitutional and asking that the sale of the property be vacated. Plaintiffs claim that they were the original highest bidder at the public sale of the property. However, the Marshal allowed only one hour to obtain funds to complete the sale and Plaintiffs were unable to secure adequate funds in time.[3] The public notice advertising the sale made no mention that the highest bidder would have one hour to secure funds to complete the sale. Therefore, Plaintiffs argue that

---

[2]Plaintiffs did not attach the Notice to Vacate.

[3]Plaintiffs claim that their bank was fifteen (15) miles from the public sale site and the Marshal took ten (10) minutes to explain the time limitation.

2

the Marshal abused his discretion and violated their constitutional rights to due process and equal protection.

Plaintiffs then filed the present motion to stay eviction proceedings. The property at issue includes Plaintiffs' home which contains their personal possessions. Although they have tried to relocate and secure another location for their possessions, Plaintiffs have been unsuccessful. Additionally, Plaintiffs assert that electrical services were discontinued prior to eviction. As a result, Plaintiffs' livestock were able to escape from an electrical fence and they have been unable to feed their livestock at night.

To obtain a preliminary injunction or temporary restraining order, the applicant must show:

> (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest.

*PCI Transp. Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citations and quotations omitted). The Fifth Circuit applies a sliding scale approach to the balancing of these four factors. *See Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 389 (5th Cir. 1984). However, a preliminary injunction "is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transp. Inc.*, 418 F.3d at 545.

Plaintiffs claim that the Marshal abused his discretion and violated their constitutional rights because he arbitrarily set a one-hour time limit and did not allow Plaintiffs more time to complete the sale. While Plaintiffs argue that the notice of public sale failed to explicitly

3

mention that the highest bidder would be expected to pay immediately following the sale, the public notice clearly stated that the property would be sold "for cash." [Doc. No. 1, Attach., p. 1]. Therefore, the terms of the sale were made known to prospective bidders prior to and at the time of sale by the USMS. These terms, reasonably construed, required payment in cash at the time of the sale. *See, e.g., Falgoust v. Morgan*, 444 So. 2d 740, 741 (La. Ct. App. 1984) (citing *General Electric Credit Corp. v. Tardo*, 304 So.2d 89 (La. App. 1st Cir. 1974)) ("A sale 'for cash' means payment at the time of sale as opposed to a credit sale."). Therefore, the Court finds that Plaintiffs have not shown a substantial likelihood of prevailing on the merits of their underlying cause of action.

Plaintiffs also claim that they will suffer irreparable harm if the eviction is not stayed. Plaintiffs were aware that the property was sold to FLI on December 6, 2006 and that they would be required to vacate the property as early as January 10, 2007. Yet Plaintiffs waited until January 23, 2007, to file their initial application for a temporary restraining order. Plaintiffs' unexplained delay weakens their claim of irreparable harm. *See, e.g., GoNannies, Inc. v. GoAuPair.com, Inc.*, 2006 U.S. Dist. LEXIS 88460 (N.D. Tex. 2006) (citing *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975)) (in a trademark infringement suit, the court reasoned that ". . . Plaintiffs' delay in seeking a preliminary injunction rebuts any presumption of irreparable harm."). Further, while the Court is mindful of the personal inconvenience of eviction, money damages will adequately compensate Plaintiffs for any injuries they suffer. Therefore, the Court finds that Plaintiffs have not shown they will suffer irreparable harm if the eviction is not stayed.

Accordingly, the Court finds that Plaintiffs have failed to persuade the Court that they are

entitled to a preliminary injunction or temporary restraining order staying the execution.[4]

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion and Order for Stay of Eviction [Doc. No. 14] is DENIED.

MONROE, LOUISIANA, this 2nd day of February, 2007.

							*Robert G. James*
							ROBERT G. JAMES
							UNITED STATES DISTRICT JUDGE

---

[4]Plaintiffs did not address the remaining two requirements.