UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KAI LATRENT BURRELL, ET AL. | CIVIL ACTION NO. 07-0121 |
| VERSUS | JUDGE ROBERT G. JAMES |
| U.S. DEPT. AGRICULTURE, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Before the Court is a motion to dismiss, or, in the alternative, motion for summary judgment [Doc. No. 19], filed by the United States on behalf of the United States Department of Agriculture ("USDA") and United States Marshal Service ("USMS"). Plaintiffs Kai Latrent Burrell ("Mrs. Burrell") and James Burrell ("Mr. Burrell") claim they were deprived of due process and equal protection when the United States Marshal ("Marshal") refused to accept Mr. Burrell's high bid at a judicial sale in Oak Grove, Louisiana, on December 6, 2006. The United States claims that the Marshal acted reasonably and rejected Mr. Burrell's bid because Mr. Burrell failed to comply with the terms of sale and tender his bid in cash within one (1) hour. Plaintiffs filed a memorandum in opposition [Doc. No. 22] arguing that the public notice advertising the sale failed to mention that the high bidder would be allowed one hour to tender payment, the one hour time limit imposed by the Marshal was arbitrary and an abuse of his discretion, and the second highest bidder was afforded an unspecified amount of time to tender payment.

For the following reasons, the United States' motion to dismiss, or, in the alternative,

1

motion for summary judgment, is GRANTED.

I.      FACTS AND PROCEDURAL HISTORY

On June 12, 2006, pursuant to a foreclosure action initiated by the USDA, this Court issued an <u>in rem</u> judgment ordering that Mrs. Burrell's property "be seized and sold by the United States Marshal for the Western District of Louisiana, at public auction, without appraisement, for cash, to the highest bidder." <u>USA v. Burrell</u>, Case No. 05-1386, Doc. No. 10.

The USMS advertised in a public newspaper that the property would be offered for sale at public auction at the front door of the courthouse in Oak Grove, Louisiana, at 10:00 a.m. on December 6, 2006.  The notice further stated that the property would be sold "to the last and highest bidder, for cash, without benefit of appraisal" and that "[p]rospective bidders may be required to register with the deputy marshal prior to the sale and show proof of financial ability to bid." [Doc. No. 1, ¶ 7; Plaintiffs' Attachment].

On December 6, 2006, public auction of the property commenced.  Mr. Burrell submitted the high bid of $110,200 and was advised by the Marshal that he had one hour to tender payment. [Doc. No. 1, ¶¶ 8-9].  The Marshal denied Mr. Burrell's request for additional time. [Doc. No. 1, ¶ 12].  Mr. Burrell traveled to his bank in Lake Providence, Louisiana, approximately 15 miles from the auction site, to obtain funds to complete the sale.  Mr. Burrell failed to return within one hour, and the Marshal contacted the second highest bidder, Fleming Investments, Inc. ("Fleming"), and accepted its bid.

On December 12, 2006, this Court confirmed the sale of the property to Fleming. <u>USA v. Burrell</u>, Case No. 05-1386, Doc. No. 13.

On January 23, 2007, Plaintiffs filed the instant action seeking a declaratory judgment

that allowing high bidders only one hour to tender cash or a cash equivalent is unconstitutional, an injunction preventing Fleming from possessing the property, and an order vacating the sale and allowing Plaintiffs to tender the necessary funds to complete the sale [Doc. No. 1].

On February 26, 2007, the United States filed a motion to dismiss, or, in the alternative, motion for summary judgment, on behalf of the USDA and USMS [Doc. No. 19].

On March 15, 2007, Plaintiffs filed a memorandum in opposition [Doc. No. 22].

On March 19, 2007, Plaintiffs filed a statement of material facts [Doc. No. 24].

## II.    LAW AND ANALYSIS

### A.    Motion to Dismiss

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true both the allegations of the complaint and "any reasonable inferences that may be drawn therefrom." Tuchman v. DSC Communications Corp., 14 F.3d 1061 (5th Cir. 1994). "The complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." Jefferson v. Lead Indus. Ass'n, Inc., 106 F.3d 1245, 1250 (5th Cir. 1997) (citing Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284-85 (5th Cir. 1993)).

### B.    Motion for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine

issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id.

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

    **C.**    **Due Process Claims**

The Fifth Amendment forbids government conduct that deprives "any person of life, liberty, or property without due process of law." US. CONST. AMEND. V. "Due process has two major meanings: first, substantive due process may require courts to void certain types of government action that infringe on individual rights and individual freedom of action; second, procedural due process may require government to assure that individuals are afforded certain procedures before they are deprived of life, liberty, or property." Frazier v. Garrison I.S.D., 980 F.2d 1514, 1528 (5th Cir. 1993) (discussing the due process clause under the Fourteenth Amendment).

In their Complaint, Plaintiffs do not specify which prong of the due process clause was violated. In their memorandum, Plaintiffs allege violations of procedural and substantive due process.

1.      **Procedural Due Process**

Plaintiffs claim they were denied procedural due process because the terms of sale did not include a time limit or cash requirement. Procedural due process is implicated only if a person has a constitutionally recognized interest in life, liberty, or property. Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985); Board of Regents v. Roth, 408 U.S. 564 (1972). Assuming that Mr. Burrell had a constitutionally protected property interest in completing the sale[1], the Marshal was required to "observe the requirements of the applicable law and comply with the decree or order of sale." Quinn v. S.S. Jian, 235 F. Supp. 975, 977 (D. Md. 1964); see also 28 U.S.C. § 2001(a) (a judicial sale "shall be upon such terms and conditions as the court directs."). "[W]ithin those limits, [the Marshal] is vested with reasonable discretion." Quinn, 235 F. Supp. at 977.

The United States claims that prospective bidders were given adequate notice that payment in cash or its equivalent would be required at the conclusion of the sale because the Court's Judgment and the USMS' advertisement stated the property would be sold "for cash." Therefore, it was within the Marshal's discretion to refuse to accept a personal check and to allow the high bidder one hour to complete the sale.

Plaintiffs respond that neither the Judgment nor advertisement stated that payment in legal tender was due at the moment of sale, or within one hour thereafter, and, therefore, the

---

[1] Mr. Burrell had no cognizable interest in recovering the foreclosed property because Mrs. Burrell was the lawful owner, and Plaintiffs have not alleged that Mrs. Burrell intended to bid or was affected by the conduct of the sale.

5

Marshal unreasonably imposed these requirements.[2] Plaintiffs argue that a sale "for cash" does not necessarily require immediate payment. See U.S. v. Branch Coal Corp., 390 F.2d 7, cert. denied, 391 U.S. 966 (1968) (high bidder was given 30 days to tender payment). Instead, the Marshal can require immediate payment only if it is explicitly included in the public notice advertising sale. See Falgoust v. Morgan, 444 So. 2d 740, 741 (La. Ct. App. 1984) ("[The] sheriff in certain instances [is permitted] to decide upon a portion of the purchase price to be paid at the moment of adjudication but only when this information is included in the advertisement prior to sale."). Additionally, Plaintiffs argue that a sale "for cash" does not necessarily require payment in cash or its equivalent, and Mr. Burrell had sufficient funds to cover his bid. See Capital Bldg. & Loan Assoc. v. Nicholas, 330 So.2d 364 (La. Ct. App. 1976) (a personal check meets the requirement that the property be sold for cash).[3]

The Court's Judgment and the USMS' advertisement stated that the property would be sold "**for cash**." These terms, reasonably construed, require payment in cash or its equivalent (i.e. certified check or money order) immediately following the sale. See, e.g., Falgoust, 444 So. 2d at 741 (citing General Electric Credit Corp. v. Tardo, 304 So.2d 89 (La. App. 1st Cir. 1974)) ("A sale 'for cash' means payment at the time of sale as opposed to a credit sale."); see also U.S. v. Thwaites Place Assoc., 548 F. Supp. 94, 97 (S.D. N.Y. 1982), aff'd without opinion, 722 F.2d

---

[2] Plaintiffs also allege that Mr. Burrell contacted his local USDA Farm Service Agency prior to the sale, but was not informed that the high bidder would have one hour to complete the sale. [Doc. No. 1, ¶ 11]. However, Plaintiffs have not provided the Court with any other information about the contents of his conversation with the Farm Service Agency.

[3] Plaintiffs submitted a letter from Delta Bank stating that Mr. Burrell was approved for a loan up to $74,000, had $38,166,93 in his personal checking account as of December 6, 2006, and was issued a cashier's check for $7,726.77. [Doc. No. 1, Plaintiffs' Attachment].

729 (2nd Cir. 1983) (USMS properly refused to accept a personal check where the terms of sale required payment "in cash or certified check").

While Plaintiffs claim that a sale "for cash" does not require immediate payment in cash, the cases cited by Plaintiffs are not on point. First, Louisiana Revised Statute 13:4359, which allows the sheriff to decide what portion of the purchase price is due immediately, when this information is included in the advertisement, is not binding on a federal judicial sale. Compare Falgoust, 444 So. 2d at 741 (state judicial sale). Second, a court may afford the bidder additional time to complete the sale, but in this case, the Court did not explicitly do so. Compare Branch Coal Corp., 390 F.2d at 8 (court's judgment explicitly stated that the "successful bidder must deposit the entire balance of his bid with the Marshal within **30 days** from the date of confirmation.") (emphasis added). Last, when the sheriff accepts the high bidder's personal check, the sale will not be set aside on the sole ground that the purchase price was not paid in cash, however, in this case, the Marshal refused to accept Mr. Burrell's personal check. See Capital Bldg., 330 So. 2d at 365 (citing General Electric Credit Corp., 304 So.2d at 91). Accordingly, the Court finds that Plaintiffs were on notice that the terms of sale required immediate payment in cash, and the Marshal acted within his discretion by requiring a cash payment within one hour.

Therefore, Plaintiffs have failed to raise a genuine issue of material fact whether the conduct of the sale violated their procedural due process rights.

### 2.     Substantive Due Process

Plaintiffs claim they were denied substantive due process because one hour is an

unreasonable amount of time to tender payment. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" United States v. Salerno, 481 U.S. 739, 746 (1987) (internal citations omitted). This standard applies to "conduct 'so brutal and offensive' that it [does] not comport with traditional ideas of fair play and decency. . . or conduct 'properly . . . characterized as arbitrary . . . in a constitutional sense.'" Martinez-Aguero v. Gonzalez, No. EP-03–CA-411(KC), 2005 U.S. Dist. LEXIS 2412, at *81 (W.D. Tex. 2005) (internal citations omitted). As previously stated, a sale "for cash" requires immediate payment in cash. However, when an auctioneer exercises his discretion and allows a high bidder additional time to tender payment, he must offer a reasonable amount of time. See, e.g., Tupper Lake Nat'l Bank v. Chimney Rock, Inc., 32 A.D.2d 588 (N.Y. App. Div. 1969), appeal dismissed, 26 N.Y.2d 698 (N.Y. App. Ct. 1970) (five minutes was an unreasonable amount of time to tender funds where the high bidder offered to secure his bid by personal check and had deposited a majority of the purchase price).

    The United States argues that it was reasonable for the Marshal to require a successful bidder to tender a cash payment within one hour based on the terms of sale and the fact that the sale was advertised "for cash" four weeks in advance of the auction.

    Plaintiffs respond that the time limit imposed by the Marshal was unreasonable and an abuse of discretion. Mr. Burrell informed the Marshal that he had to travel approximately 15 miles to his bank and offered to pay with a personal check secured by adequate funds. Additionally, Plaintiffs claim that the Marshal took ten (10) minutes to explain the time limitation to Mr. Burrell. [Doc. No. 1, ¶ 12].

As of June 12, 2006, the date the Court entered a judgment ordering the sale of Mrs. Burrell's property, Plaintiffs were aware that the property would be subject to a judicial sale. Additionally, Plaintiffs had four weeks notice that the sale was "for cash." Although the sale took place in a rural area and Plaintiffs had to travel a distance to obtain sufficient funds, the Marshal afforded Mr. Burrell an objectively reasonable amount of time to tender payment. While Mr. Burrell claims that it was unreasonable for the Marshal to refuse his personal check, the letter from his bank clearly states that Mr. Burrell was approved for a loan to cover his bid only if the bank was "furnished proof for insurance on the dwelling, a current appraisal on the 80 acres and dwelling . . . and a preliminary title opinion." [Doc. No. 1, Plaintiffs' Attachment]. Mr. Burrell's personal check was based on contingent funds and would not have offered adequate security. Moreover, the Marshal is not required to accept a personal check. See Thwaites Place Assoc., 548 F. Supp. at 97. Accordingly, the Court finds that the Marshal acted reasonably and that Plaintiffs have failed to point to any conduct that was so arbitrary as to "shock the conscience."

Therefore, Plaintiffs have failed to raise a genuine issue of material fact whether the conduct of the sale violated their substantive due process rights.

  **D. Equal Protection Claim**

Plaintiffs claim they were denied equal protection because they were treated differently compared to another bidder. "The Equal Protection Clause, as incorporated into the Fifth Amendment's due process right, requires that all persons similarly situated be treated alike." Stoneburner v. Secretary of the Army, 152 F.3d 485, 491 (5th Cir. 1998) (citing City of Cleburne

9

v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985)).  To state an equal protection claim, Plaintiffs must allege, inter alia, that similarly situated individuals were treated differently. Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992).  Plaintiffs must also allege purposeful or intentional discrimination.  McCleskey v. Kemp, 481 U.S. 279, 292 (1987).

The United States claims that Plaintiffs have not alleged the essential elements of an equal protection claim.

Plaintiffs respond that, Fleming, the second highest bidder, was given an unspecified amount of time to acquire funds to complete the sale. [Doc. No. 22, p. 5].  Therefore, Mr. Burrell was treated differently vis a vis Fleming.  Plaintiffs also argue the Marshal's "resolute refusal to allow Mr. Burrell sufficient time to complete the purchase" evidences purposeful discrimination.  [Doc. No. 22, p. 9].

Plaintiffs did not allege that Fleming was treated differently in their Complaint.  Instead, Plaintiffs merely alleged "a violation of the equal protection clause." [Doc. No. 1, ¶ 17]. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Fernandez-Montes v. Allied Pilots Assoc., 987 F.2d 278, 284 (5th Cir. 1993).[4]

Therefore, Plaintiffs' equal protection claim is dismissed for failure to state a claim upon

---

[4] To survive a motion for summary judgment, Plaintiffs were "required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports their claim" Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal citations omitted). Plaintiffs have not offered any competent summary judgment evidence, only unsubstantiated allegations in their memorandum that Fleming was treated differently and that the Marshal intentionally discriminated against Mr. Burrell.  Therefore, in the alternative, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact whether they were denied equal protection.

which relief can be granted.

### III.     CONCLUSION

For the foregoing reasons, the United States' motion to dismiss, or, in the alternative, motion for summary judgment [Doc. No. 19], is GRANTED, and Plaintiffs' claims against the United States Department of Agriculture and United States Marshal Service are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 21st day of March, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE