UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

KAI LATRENT BURRELL, ET AL.     CIVIL ACTION NO. 07-0121

versus     JUDGE JAMES

U.S. DEPT. OF AGRICULTURE, ET AL.     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

    Kai Burrell defaulted on a loan, and property that secured the loan was the subject of a judicial sale conducted by the U. S. Marshal's Service. James Burrell made the high bid on the property, but he could not satisfy the Marshal's requirement that he provide the funds within one hour. The property was then sold to the second highest bidder, Fleming Lake Investments, Inc. ("Fleming Lake").

    Kai Burrell and James Burrell joined as plaintiffs in this action and complain that the sale was unconstitutional. The named defendants are the U. S. Department of Agriculture ("USDA"), the U. S. Marshal's Service ("Marshal"), Fleming Lake, and Robert Dettenhaim. Judge James previously granted summary judgment for the USDA and the Marshal. Now before the court is a Motion to Dismiss (Doc. 10) filed by the two remaining defendants, Fleming Lake and Mr. Dettenhaim. It is recommended that the motion be granted.

**Rule 12(b)(6) Standards**

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. Lowrey v. Texas A&M Univ. System, 117 F.3d 242, 247 (5th Cir. 1997). Plaintiffs' complaint has some documents attached as exhibits. Those exhibits are considered a part of the complaint and may be considered in a Rule 12(b)(6) contest. Ferrer v. Chevron Corp., __ F.3d ___ 2007 WL 1087257 (5th Cir. 2007).

**The Allegations**

Kai Burrell purchased from the USDA approximately eighty acres of property in West Carroll Parish that included home improvements and livestock. Mr. Burrell defaulted on a related loan, and the USDA obtained a judgment and proceeded toward a judicial sale of the property to satisfy the debt. The Marshal conducts such sales and he published a notice that stated that the property would be sold "at public auction to the last and highest bidder, for cash." Prospective bidders were notified by the notice that they may be required to register with the deputy marshal before the sale and show proof of financial ability to bid. Complaint, ¶¶ 3-7 & Exhibits, pg. 1.

Mr. James Burrell placed the highest bid at the auction, but the Marshal allowed him only one hour to secure the funds required for payment. Mr. Burrell's bank was approximately 15 miles from the auction site. He talked with the deputy marshal for

approximately 10 minutes about the one hour requirement. Mr. Burrell sought additional time, but the request was denied. The bank had approved sufficient funds by which Mr. Burrell could have completed the sale. Complaint, ¶¶ 8-14.

Mr. Burrell returned with the funds to complete the sale, but the Marshal had already sold the property to the next highest bidder, Fleming Lake. That corporation served a notice on the Burrells to vacate the property within ten days. The notice was signed by Robert Dettenhaim on behalf of the corporation. Complaint, ¶¶ 16-22 & Exhibits, pg. 3.

**Analysis**

Plaintiffs allege that the facts summarized above give rise to due process and equal protection claims. The USDA and the Marshal's service earlier filed a motion for summary judgment and attacked all such claims against them. Judge James granted the motion and dismissed those two defendants. He concluded that the Marshal acted within his discretion afforded by the advertisement that the property would be sold "for cash," so that neither substantive nor procedural due process violations occurred. The equal protection claim was dismissed for failure of Plaintiffs to allege in their complaint that the Marshal treated Fleming Lake any different from Mr. Burrell. The remaining claims will be assessed against that backdrop.

The first issue is the lack of allegations against Mr. Dettenhaim. Plaintiffs' complaint lists Mr. Dettenhaim as a defendant in paragraph 2, but Mr. Dettenhaim's name never again appears in the main body of the complaint. Its only other appearance is the signature line of the notice to vacate. Notice pleading is a liberal standard, but this complaint nonetheless

falls far short of stating a claim against Mr. Dettenhaim upon which relief can be granted.

Next, the two movants point out that Mr. Kai Burrell (the former owner), who admits he defaulted on a loan secured by the auctioned property, has not alleged any facts to suggest that he lost a right or suffered any harm by the conduct of Fleming Lake or Mr. Dettenhaim. With respect to Mr. James Burrell (the bidder), the movants observed that his complaint is with the Marshal and that he has not made any assertion that the movants committed any misconduct or breach of duty toward him.

Plaintiffs filed a memorandum in opposition to the motion, but they mustered argument in support of only a single theory of relief against Fleming Lake and Mr. Dettenhaim. Plaintiffs urge that those two defendants acquired the property at a bargain price because of the Marshal's refusal to accept the highest bid, resulting in an unjust enrichment.

Among the elements of an unjust enrichment claim is that there must be an absence of justification or lawful cause for the enrichment and corresponding impoverishment. Baker v. McLay Properties Co., 648 So.2d 888, 897 (La. 1995). Judge James has held that Plaintiffs' attacks upon the legality of the sale are meritless, so there was a just and lawful cause for the alleged enrichment and impoverishment that resulted from the sale. The sole claim that Plaintiffs press against the movants fails to survive review under Rule 12(b)(6).

**Conclusion**

Plaintiffs have failed to state a claim upon which relief can be granted against either Fleming Lake or Robert Dettenhaim. All claims against the two other defendants were

dismissed by previous order. All claims against all parties have now been resolved, so the entry of final judgment is appropriate.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 10)** be **granted** and that all claims against Fleming Lake Investments, Inc. and Robert Dettenhaim be **dismissed** for failure to state a claim upon which relief can be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 24th day of April, 2007.

                                                MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE

cc: Judge James